All right. Our fifth case for today, I'm not quite sure how to pronounce this, Wojciechowicz against Barr, 19-3460. And we should have Kevin Rieke and John Williams with us. Yes. Good morning, Your Honors. All right. So, Mr. Rieke. Yes. Good morning. May it please the Court. My name is Kevin Rieke. I represent the petitioner in this matter, Eugeniusz Wojciechowicz. Mr. Wojciechowicz brings a challenge to the Board of Immigration Appeals, an immigration judge's order denying his request for a waiver of inadmissibility under Section 212H of the Immigration and Nationality Act. Mr. Wojciechowicz is a long-time lawful permanent resident of the United States. Due to a conviction in Illinois State Court, he was placed in removal proceedings upon his return from a brief visit to Poland. He sought this waiver to be readmitted to his lawful permanent resident status based on the extreme hardship that his U.S. citizen wife and two U.S. citizen children would suffer if he were to be deported to Poland. The immigration judge denied the waiver on two different grounds. She found that he had an established extreme hardship to his relatives and that she would deny the waiver as a matter of discretion. The Board of Immigration Appeals did not reach the extreme hardship finding but only affirmed the judge with some supplemental reasoning on the discretionary issue. Why doesn't that deprive us of jurisdiction over this petition for review? It seems that the assessment of extreme hardship is a quintessentially factual question, and of course our jurisdiction extends only to questions of law or constitutional issues. Yes, Your Honor. So certainly 1252A2B, 8 U.S.C. 1252A2B does bar generally review of discretionary decisions. However, 1252A2D of that same section does allow the court to look at heirs of law. What Petitioner alleges here is that the judge and board both ignored evidence material to a hardship determination. But how do we draw that line? If all that subpart D means is that there's—well, if all that subpart B means, I should say, is that there's no jurisdiction in that small set of cases in which the immigration judge has properly ticked off a comment on every single factual issue that's there and explained it, that would go quite against a lot of law, since we've said they don't have to go through things in checklist fashion. I don't see a wholesale ignoring of an entire line of discussion here, where both the immigration judge and the board talk about the principal things that you're raising, which seems to me they've just made a factual determination against you. So, Judge, I understand. I believe all of these cases involving waivers, it is a difficult line between just if the judge has weighed the facts properly or if there was evidence that was ignored, and then, of course, there's a judgment as to whether or not that evidence is material. We believe in this case that this is more closely akin, particularly in the hardship determination, which speaks to how discretion is exercised as well, to this court's decision in Lam v. Holder. In that case, the petitioner's wife, who was a qualifying relative, had a rather severe depression issue, including postpartum depression, and the judge in that case and the board had glanced over that issue, had not really addressed it meaningfully. We feel that the same has occurred here. There's mention made of the depression of the petitioner's wife, but not the doctor's note, which indicates that the depression has worsened since her husband has been in custody, that she's been required to go back onto medication, and that she's suffering a number of symptoms that are increasing in severity as a result of her depression. It's just mentioned that there is a history of depression, not the context of what is occurring with the depression as a result of the petitioner's detention and possible deportation. But why isn't that asking the board to go into a level of detail that we have already said they don't have to go into? It's clear he acknowledged the depression and weighed it differently. So the other issue we had, we think that they did acknowledge the depression, but I don't believe, first, the board didn't address the hardship finding. The judge alone addressed the hardship issue. The board looked only to discretion. So this has only really been reviewed by the immigration judge. But you're not arguing that aspect is a legal error, are you? No. No, Your Honor. The board was certainly allowed to affirm on either ground. We don't think that that's an error. They affirmed only on discretion, and they're certainly allowed to do so. We also are arguing that the judge didn't look at the evidence of hardship in the aggregate, that she stated the economic hardship wasn't extreme enough, and then that the emotional hardship wasn't extreme enough, but that even though she stated in the next paragraph, I looked at the evidence in the aggregate, that there's not evidence from the decision that she did so, that she assesses each hardship separately rather than together. And so we think that the hardship finding itself was infirm because it does not apply the correct legal standard in analyzing the factors and that there were a number of hardship factors that we can't tell from the judge's decision if they were reviewed and considered, and that the Board of Immigration Appeals' own case law on what should be considered in an extreme hardship determination was not followed by what factors were analyzed in the judge's decision. We think that that decision also tainted the discretionary finding. One of the key factors also established by the board in deciding if discretion should be exercised is the level of hardship to the petitioner and to his family. And so if the extreme hardship determination was not properly made, it, of course, influences the discretionary decision. We believe also that the board and judge failed to account for the petitioner's rehabilitation. There is mention of him completing a sentence and paying restitution, but nothing regarding whether or not he accepted responsibility, expressed remorse for his conduct, if there were other arrests or other evidence of bad character. Rehabilitation is, in my experience in the courts, in our immigration courts, perhaps the most important factor to a judge in determining whether or not to exercise discretion, and we don't see in the board or immigration judge's decision evidence that rehabilitation was considered. And so we feel that those points of evidence are material to both of those decisions and that this takes it out of just the review of the discretion itself, but was there actual evidence material to these decisions that was ignored? And were the proper legal standards actually applied? I think our argument is bolstered in part by the Supreme Court's decision this past March in Guerrero-Lasprilla v. Barr. There the court looked at 1252a2d, and they stated that the circuit courts may apply, look at, how a legal standard is applied to undisputed or established facts, that mixed questions of law and fact can be reviewed, and that the board or judge cannot just simply state a correct legal standard without providing evidence that it's been properly applied to the facts of the case. All right, would you like to save the rest? Okay. Yes, I would. Thank you, Your Honor. Thank you. Mr. Williams. Are you unmuted? Good morning. Yes, I did. I was having trouble unmuting. Sorry, Your Honor. Good morning. I'm John Williams on behalf of the government. In the immigration case, the petitioner has conceded removability but requested a waiver of admissibility. And as opposing counsel mentioned, this requires two elements, a finding of extreme hardship and a favorable exercise of discretion. While the immigration judge ruled upon both elements, that the petitioner failed to establish extreme hardship and also that he did not warrant a favorable exercise of discretion, the board, without reaching the issue of hardship, held that the petitioner did not warrant a favorable exercise of discretion. And so in that ruling, the board regulations allow for the board to review de novo a ruling of discretion. And that's what the board did. Now, counsel rests upon this court's case in Lamb, where the immigration judge in that case, the court held, overlooked key evidence with regard to extreme hardship. In this instance, the board balanced the appropriate factors, considered the totality of the record, and they concluded that the petitioner was not deserving of a favorable exercise of discretion. Now, there are a couple of distinguishments, and so I think counsel misplaces his resting on Lamb. If you look at Lamb, for example, the individual there was found guilty of one count of intent to commit forgery. And what the board found, whereas the board found here, the petitioner was charged and convicted on five counts. And this is relevant because the board found these counts very serious. Two counts were theft by deception in an amount between $100,000 and a half a million. Well, that's the statutory range, but the board does say that these were financial crimes he committed over a period of several years and that his victim was out more than $100,000. So that was on the facts of the conviction. Exactly. And so it's a very, very serious conviction. In addition, with resting upon Lamb, and again, the board said without reaching the extreme hardship. So the board is making a determination as to whether or not the attorney general is going to exercise whether or not this case warrants discretion. Mentioned, for example, with regard to the spouse, the petitioner's spouse, a difference between, for example, the facts, which of course the board didn't need to get into this, but the spouse in Lamb was depressed and found psychologically unable to The petitioner's spouse began taking drugs for depression in 2015 and then voluntarily stopped. So imagine the conviction, the petitioner in this case, was convicted of the charges in 2011. And his spouse began taking drugs in 2015 and then voluntarily stopped. And it wasn't until 2019 that the petitioner was placed in removal proceedings. And additionally, the children, the petitioner's children are much older than they are in the Lamb case. So the government believes that petitioner is misplacing their dependence on Lamb. With regard to the Supreme Court's decision in Guerrero, the government's position is that Guerrero does not impact 1252A2BI arguments. And thus, because this was a discretionary denial by the board, this court, as it has in the past, should find that it does not have jurisdiction in this matter. And so I would close, if the court doesn't have any questions, by just restating that the petitioner has not raised a meritorious question of law, challenging the board's discretionary denial of his application for a waiver of inadmissibility. Here, I think the main crux of the case, which the board noted, is that the petitioner was charged and convicted of serious crimes. And in its opinion, the board looked at the appropriate factors and it looked at the totality of the record and it decided that the petitioner did not warrant a waiver of inadmissibility based on a favorable exercise of discretion. And so the government would ask, is that the court dismiss the petition for review? For lack of jurisdiction. All right. Thank you. Anything further, Mr. Rieke? No, Your Honor. All right. In that case, thanks to both counsel, and the court will take this case under advisory.